IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MITCHEL D. ABRAHAM, <br><br> Defendant. | 8:21-CR-33 <br><br> ORDER ON MOTION FOR ENFORCEMENT OF COURT'S SENTENCING ORDER |

This matter is before the Court on defendant Mitchel D. Abraham's *pro se* Motion for Enforcement of Court's Sentencing Order. Filing 52. Abraham's Motion argues that the criminal judgment in this case does not require him to make payments towards his monetary penalties until he is released from incarceration. Filing 52 at 1–6. The Court previously denied a similar motion from Abraham on December 6, 2022. Filing 51. Abraham's current Motion has the same fate.

As part of Abraham's sentence, the Court imposed a fine of $10,000 and a special assessment of $100. Filing 46 at 7. As with all criminal judgments, the Judgment in Abraham's case laid out a payment plan "following release from prison" in monthly installments, with the first installment beginning 30 days after Abraham's release from prison. Filing 46 at 8. After the payment plan, the following language appears: "The criminal monetary penalty is *due in full on the date of the judgment*. The defendant is obligated to pay said sum *immediately* if he or she has the capacity to do so." Filing 46 at 8 (emphasis added). The Judgement goes to say, "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties *is due during the period of imprisonment*." Filing 46 at 8 (emphasis added). The Court never ordered that payment was not due during imprisonment, either at the sentencing hearing or otherwise. *See* Filing 48.

1

As the Court explained in its prior order, the Judgment made payment from Abraham due on the date of judgment, that he had to pay his monetary penalties immediately if able, and that payment was due while he was incarcerated. Filing 51. The payment plan simply outlines when payments will begin and at what rate for any remaining balance once Abraham is released from prison; it does not mean that the Court has ordered that he does not have to make payments while incarcerated. *See United States v. Lanham*, No. 8:20CR152, 2022 WL 3028049, at *2 (D. Neb. Aug. 1, 2022) (concluding, under similar language in a criminal judgment, that the defendant was "responsible for making payment of criminal monetary penalties while imprisoned").

The Court is uninterested in litigating this issue further with Abraham and will summarily deny any future motions regarding this issue that Abraham chooses to file in the future. Accordingly,

IT IS ORDERED that Mitchel D. Abraham's Motion for Enforcement of Court's Sentencing Order, Filing 52, is denied.

Dated this 24th day of July, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

2